UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CHAMBERS,

    Plaintiff,

v.                                                                              Case No. 1:14-cv-1014

COMMISSIONER OF SOCIAL                          Hon. Ray Kent
SECURITY,

    Defendant.
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born in 1973. PageID.252. He completed high school and had past employment as a machine operator and repair technician. PageID.196. Plaintiff alleged a disability onset date of June 1, 2008. PageID.252. Plaintiff identified his disabling conditions as asthma, bi-polar, memory loss, migraines, knee problems, social anxiety, obsessive compulsive disorder (OCD), carpal tunnel syndrome (bilateral), and back problems. PageID.257. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on May 17, 2013. PageID.48-61. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that he had not engaged in substantial gainful activity since the alleged onset date of June 1,

2008, and that he met the insured status requirements of the Act through December 31, 2013. PageID.50.  At the second step, the ALJ found that plaintiff had the severe impairments of alcohol dependence, asthma, back pain, anxiety (including social anxiety and generalized anxiety disorders), and a mood disorder.  *Id.* at PageID.51.  At the third step, the ALJ found that these impairments, which included the substance use disorder, met sections 12.04 (affective disorders) and 12.09 (substance addiction disorders) of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.52.

After reaching this determination, the ALJ reviewed plaintiff's claim without consideration of limitations caused by his substance use.  *See* 20 C.F.R. § 404.1535(a) ("[i]f we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability"); *Siemon v. Commissioner of Social Security*, 72 Fed. Appx. 421, 422 (6th Cir. 2003) ("the social security administration must deny a claim for benefits if drug addiction or alcohol is a contributing factor material for a finding of disability").

At the second step, the ALJ found that if plaintiff stopped the substance use, he would still have severe impairments due to the asthma, back pain, anxiety (including social anxiety and generalized anxiety disorders) and a mood disorder.  PageID.53-54.  At the third step, the ALJ found that if plaintiff stopped the substance use, he would not have an impairment or combination of impairments that meets or medically equals any of the impairments in the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, specifically Listings 12.04 and 12.06 (anxiety related disorders). PageID.54.  The ALJ decided at the fourth step that:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)

4

> except with the following limitations: frequent balancing, stooping, kneeling, crouching, crawling, and climbing ladders, ropes, scaffolds, ramps or stairs; limited to simple, routine tasks; occasional contact with the public, co-workers, and supervisors.

PageID.55. The ALJ also found that if plaintiff stopped the substance use, he would be unable to perform past relevant work. PageID.60.

At the fifth step, the ALJ determined that if plaintiff stopped the substance use, he could perform a significant number of unskilled, light jobs in the national economy. PageID.60-61. Specifically, plaintiff could perform the following work in the State of Michigan: machine tender (7,800 jobs); assembler (14,000 jobs); and line attendant (4,800 jobs). *Id.* Based on this record, the ALJ found that, if plaintiff stopped the substance use, he would be capable of making a successful adjustment to work that exists in significant numbers in the national economy and would be found not disabled. PageID.61.

The ALJ concluded that the substance use disorder was a contributing factor material to the determination of disability because plaintiff would not be disabled if he stopped the substance use. *Id.* (citing 20 C.F.R. §§ 1520(g) and 404.1535). Accordingly, the ALJ found that because the substance use disorder was a contributing factor material to the determination of disability, plaintiff has not been disabled within the meaning of the Social Security Act at any time from January 27, 2011(the alleged onset date) through May 17, 2013 (the date of the decision). *Id.*

### III. ANALYSIS

Plaintiff raised two issues on appeal.[1]

**A.  The decision failed to consider the treating doctor's opinion in deciding whether plaintiff's depression and anxiety met or equaled a listing.**

Bobga Fomunung, M.D., plaintiff's treating psychiatrist, completed a medical provider's assessment of ability to do mental work-related activities dated March 26, 2013 (Exhibit 17F). PageID.699-703. Dr. Fomunung's assessment included the following opinions. With respect to making occupational adjustments, the doctor found that plaintiff had extreme limitations in dealing with work stress, marked limitations in functioning independently, and moderate limitations in a number or areas (relating to co-workers, dealing with the public, interacting with supervisors, using judgment and maintaining attention/concentration). PageID.699. Plaintiff had moderate limitations in understanding, remembering and carrying out complex job instructions. *Id.* With respect to making personal or social adjustments, plaintiff had extreme limitations in behaving in an emotionally stable manner and relating predictably in social situations, and marked limitations in demonstrating reliability. PageID.700. With respect to functional limitations, the doctor stated that plaintiff had extreme limitations in maintaining concentration, persistence or pace, marked limitations in maintaining social functioning, and one or two episodes of decompensation (each of extended duration). *Id.*

Dr. Fomunung also included a narrative describing plaintiff's condition:

---

[1] The Court notes that plaintiff's reply brief (incorrectly named "Defendant's Reply Brief") (docket no. 15) consists of nine pages. Plaintiff's counsel is advised that future reply briefs which exceed the five-page limit may be stricken.

> Mr. Chambers currently carries a diagnosis of bipolar II, along with social anxiety disorder and generalized anxiety disorder. Over the time he has been in treatment his mood has fluctuated despite numerous attempts to regulate his mood with medications. He has frequently changed dosages or types of medication in order to find a workable medication regimen. To date we have not been successful. Mr. Chambers reports continued periods of severe depression in which he is unable to function outside his home.
>
> If he were to attempt a return to work we would expect that he would miss work periodically, on a frequency of at least 2 days per month. On the days when his depression is not so bad he functions better. But these extreme low periods make it difficult for him to work.
>
> His anxiety expresses itself in an inability to work with and around strangers. If he were to attempt a return to work it would be best if he did not work with the general public and had limited contact with co-workers and supervisors. Mr. Chambers also has a history of alcohol abuse. He had a period of binge drinking in the spring of 2012 which led to an in-patient hospitalization. The alcohol abuse is not a cause of his problems. His abuse of alcohol is a symptom of his condition. Even if he were to remain completely sober he would still have the underlying bipolar disorder with the limitations described above.

PageID.701.

Plaintiff contends that the ALJ did not refer to Dr. Fomunung's opinion when determining whether plaintiff met the requirements of a listed impairment. In finding that plaintiff met Listings 12.04 and 12.09, the ALJ gave little weight to the opinions of Dr. Fomunung and other treating psychiatrists because, according to the ALJ, "none of these opinions addressed the claimant's alcohol abuse." PageID.53. Contrary to the ALJ's decision, Dr. Fomunung's opinion explicitly referred to plaintiff's alcohol abuse. Then, the ALJ did not address Dr. Fomunung's opinion when he evaluated whether plaintiff met a listed impairment without considering the substance abuse. PageID.54-55. Finally, as discussed, *infra*, the ALJ did not properly evaluate Dr. Fomunung's opinion. For these reasons, this matter should be reversed and remanded pursuant to

sentence four of 42 U.S.C. § 405(g) for a re-evaluation of whether plaintiff met the requirements of Listing 12.04 or 12.06.

### B. The decision failed to give good reasons for rejecting the treating psychiatrist's opinion about plaintiff's work limitations.

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See*

8

*Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ gave partial weight to Dr. Fomunung's opinion as follows:

> Finally, Dr. Fomunung opined the claimant's substance use was not a cause of the claimant's problems; however, this portion of the opinion was contradicted by the primary care provider who indicated the claimant [sic] memory problems were related to substance use (Ex 11F/13 and 17F). Moreover, despite Dr. Fumunung's [sic] March 2013 statement that the claimant was unable to regulate his moods with medication, the treating physician, Stacia Lagrave M.D., in a July 2012 note indicated otherwise by documenting the claimant's bipolar disorder was controlled by medication (Ex 13F/2 and 17F/3). Moreover, the opinion is not consistent with the fact the claimant worked on other people's cars, and enjoyed working on custom cars, bikes, and motorcycles, and his testimony that he attended car shows in large venues in downtown Grand Rapids, Michigan (Ex 10F/10, 12F/46, and Hearing Testimony). This indicated the claimant was more capable of dealing with others and displayed at least some ability to follow instructions and demonstrate responsibility. Therefore, this opinion of Dr. Fomunung is given partial weight.

PageID.59.

The ALJ's evaluation of Dr. Fomunung's opinion is a mixed bag. As an initial matter, it does not appear that Dr. Lagrave's records conflicted with Dr. Fomunung's opinion with respect to whether the bipolar disorder was controlled by medication. The page cited from Dr. Lagrave's July 2012 records merely stated that "Pt is working with psychiatrist to get meds filled with KHPB." PageID.686. However, the ALJ noted that plaintiff engaged in activities which indicated that he could deal with others, follow instructions and demonstrate responsibility. Such activities would be inconsistent with some of the limitations identified by Dr. Fomunung. Finally,

9

while the ALJ gave partial weight to Dr. Fomunung's opinion, he did not clearly articulate which limitations he accepted and which limitations he rejected.  *See Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995) (an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning").  For these reasons, this matter will be reversed and remanded to re-evaluate of Dr. Fomunung's opinion.

### IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate Dr. Fomunung's March 26, 2013 opinion and to re-evaluate whether plaintiff met the requirements of either Listing 12.04 or 12.06.  A judgment consistent with this opinion will be issued forthwith.


Dated:  March 8, 2016                         /s/ Ray Kent
                                              RAY KENT
                                              United States Magistrate Judge